## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PCS WIRELESS LLC, | |
| *Plaintiff,* | |
| v. | Civil Action No. 19-12593 |
| JOHN DOE 1 a/k/a MALIK HILL, JOHN DOE 2 a/k/a JIM KELLER, JOHN DOE 3 a/k/a RYAN WESLEY, JOHN DOE 4 a/k/a N. SARFATI, JOHN DOE 5 a/k/a VICTOR BUKAIEH, JOHN DOE 6 a/k/a ABRAHAM AUSTIN, JOHN DOES 7-10 and XYZ CORPS 1-10, | **OPINION & ORDER** |
| *Defendants.* | |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiff PCS Wireless LLC's ("Plaintiff" or "PCS") unopposed motion for default judgment as to all Defendants pursuant to Fed. R. Civ. P. 55(b)(2). D.E. 19. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **DENIED**.

## I.  INTRODUCTION[1]

In brief, Plaintiff alleges that Defendants are involved in a fraudulent scheme whereby Defendants contact Plaintiff's customers, potential customers, and vendors. Defendants contact those persons using email addresses that are slightly different than the actual email addresses affiliated with Plaintiff. Defendants falsely identify themselves as PCS agents and attempt to defraud the individual they contacted into wiring money or shipping Defendants goods with a PCS account. Compl. ¶¶ 9-14, 22, 90, 122, 126. In furtherance of the fraudulent scheme, Defendants misappropriated and infringed Plaintiff's trademark by using it on fabricated invoices and in the signature line of the fraudulent emails. *Id.* ¶¶ 3, 35, 36, 52, 92(b).

On May 16, 2019, Plaintiff filed a Verified Complaint and also requested a temporary restraining order to stop Defendants' alleged illegal conduct. D.E. 1. The Verified Complaint asserts claims for (1) fraud/misrepresentation; (2) violations of the Lanham Act -- false designation of origin, 15 U.S.C. § 1125(a)(1)(A); (3) civil conspiracy; (4) accounting; and (5) constructive trust. D.E. 1. The Court entered a temporary restraining order (the "TRO") and ordered that Defendants show cause on or before May 28, 2019 as to why a preliminary injunction should not be entered.[2] D.E. 3. The Court also granted Plaintiff's request to serve Defendants via alternate means. *Id.*

---

[1] The Court derives the facts from Plaintiff's Complaint, D.E. 1 ("Compl."), as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment. *See Trs. of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, No. 10-3000, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

[2] The Court's May 16 Order was issued without notice pursuant to Fed. R. Civ. P. 65(b)(1) because Defendants' identifies were unknown and Plaintiff sufficiently described the irreparable injury caused by Defendants' purported fraudulent scheme. D.E. 3.

Defendants were served with copies of the Summons, Verified Complaint, and the TRO between May 21 and 23, 2019 via the Court-approved alternate means. D.E. 9. Defendants failed to respond by the return date of the order to show cause. On May 28, 2019, the Court entered a preliminary injunction extending the relief set forth the TRO. D.E. 13. Defendants also failed to answer or otherwise respond to the Verified Complaint. As a result, the clerk of court entered default as to all Defendants on July 8, 2019. Plaintiff subsequently filed this motion for default judgment pursuant to Federal Rule of Civil Procedure 55.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

3

## III.  ANALYSIS

### A.  Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at \*2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)).  Federal Rule of Civil Procedure 4 provides that to serve an individual defendant within the United States, a plaintiff may follow "state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Pursuant to New Jersey law, "[i]f service cannot be made by any of the modes provided by [the relevant] rule, any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3).  As discussed, the Court authorized alternate service here because Defendants' whereabouts were unknown.  Accordingly, Defendants were served pursuant to the Court-approved methods of service, which included service via email as to all Defendants, in addition to telephoning one Defendant and providing additional notice to another Defendant via LinkedIn.  D.E. 9.

Plaintiff pleads that two Defendants are citizens of New York, three are Delaware citizens, and Defendant John Doe 6 a/k/a Abraham Austin is a citizen of Nigeria.  Compl. ¶¶ 9-14.  The Court assumes that the Defendants who are citizens of New York and Delaware are physically located within the United States.  Consequently, service was proper as to these Defendants.  Plaintiff, however, pleads no facts as to John Doe 6's physical whereabouts.  Given the fact that John Doe 6 is a citizen of Nigeria, the Court assumes that he is not physically located in the United States.  Accordingly, John Doe 6 could not be served pursuant to Rule 4(e)(1) because it only applies to service on individuals who are physically present in the country.

4

Rule 4(f) governs service of an individual in a foreign country. An individual located outside of the United States may be served pursuant to an "internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Nigeria is not a party to an international service of process treaty such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 112 (S.D.N.Y. 2010). Rule 4(f) also provides that a defendant may be served as follows:

> (2) if there is no internationally agreed means of service . . . by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(2). Like the other Defendants, John Doe 6 was served via the Court-approved alternate means. The service may have complied with Rule 4(f) if Plaintiff could first demonstrate that the court-ordered service was not prohibited by international agreement, pursuant to Rule 4(f)(3), or is permissible under Nigerian law, as provided for in Rule 4(f)(2)(A).

Because it was not clear that service was proper as to John Doe 6, the Court entered a text order on September 5, 2019 requesting that Plaintiff submit additional briefing that, among other things, addresses whether service as to John Doe 6 was proper. D.E. 20. In response, Plaintiff submitted a letter on September 12, 2019 stating that Plaintiff no longer wished to pursue a default

5

judgment as to John Doe 6. D.E. 21. Plaintiff's motion for default judgment, therefore, is denied as to Defendant John Doe 6.[3]

**B. Jurisdiction**

When a default judgment is sought against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff brings a claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Compl. ¶¶ 96-107. In addition, Section 39 of the Lanham Act, 15 U.S.C. § 1121(a), explicitly provides that district courts "shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

It is not clear, however, that the Court has personal jurisdiction over the remaining Defendants. Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction may be asserted over an out-of-state defendant "when [her] affiliations with the State are so 'continuous and systematic' as to render [her] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG*

---

[3] In its September 12, 2019 letter, Plaintiff did not indicate whether it intends to voluntarily dismiss the claims asserted against John Doe 6. If that is Plaintiff's intention, Plaintiff must submit a proposed order as to the voluntary dismissal.

*v. Bauman*, 571 U.S. 117, 137 (2014). Here, none of the remaining Defendants appear to be domiciled in New Jersey. Compl. ¶¶ 9-14. As a result, the Court does not have general jurisdiction over any of the Defendants.

Specific jurisdiction requires that the defendant "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations and quotation marks omitted). In light of Supreme Court precedent, the Third Circuit has developed a three-part test to determine whether specific personal jurisdiction may be exercised. First, the defendant must have "purposefully directed [its] activities at the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks omitted). The first requirement of this test is also known as "purposeful availment," and seeks to ensure "that a defendant will not be haled into a jurisdiction solely as a result of 'random, fortuitous, or attenuated contacts" or based on the "unilateral activity of another party or third person." *Burger King*, 471 U.S. at 475 (internal quotation marks omitted) (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 417 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)). Second, the litigation must "arise out of or relate to at least one of those activities." *Id.* (internal quotation marks omitted). Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id.* (internal quotation marks omitted).

When an intentional tort is alleged,[4] a slight variation from the *O'Connor* three-part test applies, known as the *Calder* effects test. The *Calder* effects test requires a plaintiff to show that:

---

[4] "Trademark infringement is generally considered an intentional tort." *Patel v. Vanjani*, No. 12-821, 2012 WL 13028675, at *6 (D.N.J. Nov. 9, 2012).

(1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity[.]

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998) (footnote omitted).

In this instance, it is not clear whether any Defendant purposefully directed his activities towards New Jersey. As alleged, it is not clear that the Defendants' alleged wrongful conduct took place within New Jersey, that Plaintiff's customers or potential customers who were targeted by Defendants were located in New Jersey, or that Plaintiff felt the brunt of the harm in New Jersey. Accordingly, Plaintiff has not sufficiently established that this Court has personal jurisdiction over the remaining Defendants.[5] Plaintiff's motion for default judgment, therefore, is denied.

For the reasons stated above, and for good cause shown,

IT IS on this 22nd day of October, 2019

**ORDERED** that Plaintiff's motion for default judgment (D.E. 19) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff must file a renewed motion for default judgment within thirty (30) days of the date of this Opinion & Order. If Plaintiff fails to file a renewed motion, this matter will be dismissed; and it is further

---

[5] Through the September 5, 2019 text order, the Court also ordered Plaintiff to submit additional briefing as to personal jurisdiction over Defendants. D.E. 20. But Plaintiff did not submit any additional briefing. Plaintiff's motion for default judgment will be denied without prejudice, and Plaintiff may include any additional arguments as to personal jurisdiction in a renewed motion for default judgment.

**ORDERED** that if Plaintiff intends to voluntarily dismiss its claims against Defendant John Doe 6, Plaintiff shall submit a proposed order within two (2) weeks.

John Michael Vazquez, U.S.D.J.